MILBURN MANUFACTURING COMPANY, Appellant, v. V. P. WILFONG, C. R. WALTERS, Respondents.

Kansas City Court of Appeals, February 4, 1889.

Appeal from Justice of the Peace : JUDGMENT AGAINST SURETIES IN APPEAL-BOND : CASE ADJUDGED. The justice of the peace rendered judgment against V. and C., and thereupon V. files an affidavit of appeal in which he uses the terms " this appeal," and the bond recites, " Whereas V. and C. have appealed, etc., they shall satisfy," etc., and the docket entries of the justice in regard to the appeal use the plural " defendants," and on trial in the circuit court, the verdict is for the defendant V., but against defendant C., and the circuit court treats C. as having appealed and renders judgment against him for the amount of the verdict. *Held* that such judgment should also have been entered against the obligors in the appeal-bond and the case will be remanded with directions to so enter it.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REMANDED ( *with directions* ).

*E. J. Smith*, for appellant.

It was error for the court to refuse judgment against Wilfong and the other signers of the appeal-bond. R. S. secs. 3041, 3043, 3062 ; *Young v. Ditto*, 2 J. J. Marsh. 72 ; *Gilpin v. Hord*, 3 S. W. Rep. 143 ; *Cotton v. Alexander*, 4 Pac. Rep. 259.

*W. S. Shirk*, for respondent.

. One defendant may appeal and not another. "Any person aggrieved," etc. R. S. 1879, sec. 3039 ; *Urton v. Sherlock*, 61 Mo. 257. The affidavit for an appeal made by Wilfong does not purport to be for Walters. Walters could not appeal, unless he or some one for him, made an affidavit. R. S. sec. 3043. The jury found that defendant Wilfong did not assume any liability upon said note. This was and is the *gravamen* of the whole case, and the judgment of the lower court should be affirmed

ELLISON, J.—This action was commenced before a justice of the peace who rendered judgment against both defendants. Plaintiff contends that both defendants appealed from the judgment of the justice, and defendant Wilfong contends that he alone appealed.

On trial in the circuit court the verdict of the jury was in favor of plaintiff as against defendant Walters, but was for defendant Wilfong. Plaintiff insisting that both defendants had appealed from the justice, asked the circuit court for judgment against Wilfong and the sureties on the appeal-bond, as provided by statute. This the court refused. In the justice of peace court Wilfong and Walters made a joint defense, and moved to dismiss the cause, filing a written motion, for the reason that the complaint did not state a cause of action

against defendants. This motion was overruled, and the cause submitted to the justice without a jury, with result of finding and judgment for plaintiff for $158.50 and costs against both defendants.

As the important question is as to who in fact did appeal, we copy what follows of the transcript of the justice of the peace and the affidavit and appeal-bond which were filed. The docket entry is as follows : "And thereupon defendants filed affidavit and bond, with E. C. Johnson and B. Shobe, sureties, praying an appeal. Bond approved and appeal allowed. A. D. Fisher, J. P." The affidavit for appeal is as follows : "Milburn Manufacturing Company, plaintiff, *vs.* V. P. Wilfong and C. R. Walters, defendants. Suit before A. D. Fisher, justice of the peace of Sedalia township, Pettis county, Mo. V. P. Wilfong, being duly sworn, upon his oath says that this application for appeal is not made for vexation or delay, but because he believes the appellant to be injured by the judgment of the justice. V. P. Wilfong, appellant. Sworn to and subscribed before me this 28th day of February, 1887, A. D. Fisher, justice of the peace."

The bond or recognizance is as follows : "Recognizance.—We, the undersigned V. P. Wilfong, E. C. Johnson and B. Shobe, acknowledge ourselves indebted to the plaintiff in the sum of three hundred dollars to be void upon this condition. Whereas V. P. Wilfong and C. R. Walters have appealed from the judgment of A. D. Fisher, a justice of the peace for Sedalia township, in Pettis county, Missouri, in an action between the Milburn Manufacturing Company, plaintiff, and V. P. Wilfong and C. R. Walters, defendants. Now, if on such appeal the judgment of the justice be affirmed, or if on trial anew in the appellate court judgment be given against said appellants and they shall satisfy such judgment, or if this appeal shall be dismissed and they shall pay the judgment of the justice, together with cost of appeal, then this recognizance shall be void ; otherwise

it shall remain in full force.   V. P. Wilfong, (*seal*);
E. C. Johnson, (*seal*);   B. Shobe, (*seal*).   Approved
28th day of February, 1887.   A. D. Fisher, justice of
the peace."

The verdict of the jury in the circuit court was:
"We find for defendant, V. P. Wilfong, but find for
the plaintiff as against C. R. Walters in the sum of one
hundred and eighty-six dollars and thirty-seven cents.
Edwin Bahner, foreman."   Plaintiff remitted the sum
of eighteen dollars, leaving a balance of $168.37.   The
judgment of the court concludes as follows:

"It is therefore considered and adjudged by the
court that the plaintiff have and recover of and from the
defendant, Charles R. Walters, the sum of one hundred
and sixty-eight dollars and thirty-seven cents and his
costs in this behalf made and expended, and that execu-
tion issue therefor against said defendant, and it is fur-
ther ordered and adjudged that this cause be dismissed
as to the defendant, V. P. Wilfong, in accordance with
the verdict herein."   It will be noticed that the trans-
cript of the justice recites that defendants, using the
plural, filed affidavit and bond and prayed an appeal
and that the appeal thus prayed for, was allowed.

The affidavit by Wilfong is not his application but
"*this* application."   The recognizance recites that both
have appealed and is conditioned that they shall satisfy
the judgment which may be rendered.   And so it seems
Walters was regarded by the circuit court as having
appealed, as a verdict was had against him and judg-
ment was entered thereon.

These considerations lead me to conclude that
defendant Walters appealed from the judgment of the
justice, and as judgment went against him in the circuit
court, it should likewise have been entered against the
obligors in the appeal-bond.

The judgment is reversed and the cause remanded,
with directions to the circuit court to so enter the judg-
ment.   All concur.